[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Cedarcrest Hospital moves for Summary judgment. The defendant proffers four different reasons for this motion.
First, that Cedarcrest is immune from an action in negligence. The defendant appears to wish to re-visit the memorandum of decision of this court, dated November 20, 1997. The court denied the defendant s motion to strike, holding that the pleading of the alleged violation of General Statutes § 17a-542, although framed in "negligence" is not the pleading of a common law cause of action in negligence, but rather it is the pleading of a violation of that statute. It is immaterial whether the alleged violation, if proven, was intentional or was the product of carelessness. Hence the second count of the complaint, having survived the motion to strike as a count, remains viable. Practice Book § 10-39. The court's decision was limited to the motion before it.
Second, it is claimed that the absence of expert testimony CT Page 15415 concerning Cedarcrest requires summary judgment for Cedarcrest.
The plaintiff claims that a Dr. Mario Leicach, who is the committing psychiatrist, testified in his deposition that "it was gross neglect in not notifying us." See transcript. This doctor is the Medical Director of NCCMHS, a named defendant in this suit.
The plaintiff claims that Rule 4.2 of the Rules of Professional Conduct preclude him from communicating directly with Dr. Leicach. This is true. However, absolutely nothing prevents the plaintiff from disclosing this doctor as an expert, from taking the doctor's further deposition (if not previously taken by plaintiff?) and from calling him to testify at trial by subpoena. If the plaintiff intends to call the doctor as a witness the plaintiff must comply with Practice Book § 13-4, to the limited extent available to him by virtue of Practice Book § 4.2.
For the purposes of this motion for summary judgment the plaintiff has demonstrated, by the attached transcript, that there is adequate medical evidence to raise questions of fact as to the claims against Cedarcrest.
Third, the defendant claims that Cedarcrest meets the standard of care that applies to actions brought under the patient's bill of rights. General Statutes § 17a-542(3). Among other matters, such as reasonable notice to the patient and active participation by the patient in planning for discharge, the statute provides: "(3) planning for appropriate aftercare to the patient upon her discharge."
The deposition of Dr. Leicach states: "Within a few days, they discharged the patient without notifying us. We are the lead agency and expected to try to help people to live better and be taken care of. I think it was gross negligence in not notifying us."
This testimony presents a direct question of fact as to whether the defendant complied with General Statutes § 17a-542(3).
The fourth reason given by the defendant for this motion is that Cedarcrest's conduct is not a proximate cause of the harm to the plaintiff. It is proffered by the defendant that its failure, CT Page 15416 if any, cannot be a proximate cause of the injuries, as the injuries were sustained when she jumped out of the ambulance.
The question of proximate causation generally belongs to the trier of fact "because causation is essentially a factual issue . . . It becomes a conclusion of law only when the minds of a fair and reasonable person could reach only one conclusion."Stewart v. Federated Department Stores, 234 Conn. 597, 611
(1995). ". . . where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about by the intervention of another force does not relieve the actor of liability except where the harm is intentionally caused by a third person and is not within the scope of risk created by the actor's conduct." Stewart v. Federated Department Stores,Inc., supra, pp. 607, 608.
Further, to be superceding cause, the subsequent negligence may breach the causal connection if that cause so entirely supercedes the operation of the defendant's [default of duty] that it alone, without his [default of duty] contributing in any degree, produces the injury. See D'arcy v. Shugrue,5 Conn. App. 12, 25 (1985).
The questions presented by the factual issues of this case are obvious. The defendant's assertion that any claim of breach of duty by this defendant cannot be a proximate cause of the injury, as a matter of law, cannot be sustained. The issues presented by the evidence gives rise to sufficient questions of fact, which cannot support a motion for summary judgment.
For the reasons set forth herein, the motion for summary judgment is denied.
L. Paul Sullivan, J.